**(Official Form 1) (12/03)**

| FORM B1 | **United States Bankruptcy Court**<br>**Northern District of Illinois** | **Voluntary Petition** |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Dill, Lamont** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all): **xxx-xx-0930** | Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**5210 W. Bloomingdale**<br>**Chicago, IL 60639** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:   **Cook** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

### Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)
- ■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | **Chapter or Section of Bankruptcy Code Under Which**<br>**the Petition is Filed** (Check one box) |
|---|---|
| ■ Individual(s)　　　　☐ Railroad<br>☐ Corporation　　　　☐ Stockbroker<br>☐ Partnership　　　　☐ Commodity Broker<br>☐ Other_____　☐ Clearing Bank | ☐ Chapter 7　　☐ Chapter 11　　■ Chapter 13<br>☐ Chapter 9　　☐ Chapter 12<br>☐ Sec. 304 - Case ancillary to foreign proceeding |

| **Nature of Debts** (Check one box)<br>■ Consumer/Non-Business　　☐ Business | **Filing Fee** (Check one box)<br>■ Full Filing Fee attached<br>☐ Filing Fee to be paid in installments (Applicable to individuals only.) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form No. 3. |
|---|---|
| **Chapter 11 Small Business** (Check all boxes that apply)<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101<br>☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional) | |

**Statistical/Administrative Information** (Estimates only)
- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☐ | ■ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|---|
| | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|---|
| | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| **Voluntary Petition** | FORM B1, Page 2 |
|---|---|
| *(This page must be completed and filed in every case)* | Dill, Lamont |

| **Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet) | | |
|---|---|---|
| Location Where Filed: **Chapter 7** | Case Number: **01-28679** | Date Filed: **5/19/01** |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: **- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____/s/ Lamont Dill_____
Signature of Debtor **Lamont Dill**

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

**October 12, 2005**
Date

**Signature of Attorney**

X _____/s/ David M. Siegel_____
Signature of Attorney for Debtor(s)

**David M. Siegel #06207611**
Printed Name of Attorney for Debtor(s)

**David M. Siegel & Associates**
Firm Name

**790 Chaddick Drive**
**Wheeling, IL 60090**
Address

**(847) 520-8100**
Telephone Number

**October 12, 2005**
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____/s/ David M. Siegel_____     **October 12, 2005**
Signature of Attorney for Debtor(s)     Date
**David M. Siegel**

**Exhibit C**
Does the debtor own or have possession of any property that poses a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
■ No

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number (Required by 11 U.S.C.§ 110(c).)

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

# United States Bankruptcy Court
## Northern District of Illinois

In re    **Lamont Dill**                                                              ,        Case No. _____
                                                              Debtor

Chapter _____ **13**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | AMOUNTS SCHEDULED | | |
|---|---|---|---|---|---|
| | | | ASSETS | LIABILITIES | OTHER |
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 8,550.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 0.00 | |
| E - Creditors Holding Unsecured Priority Claims | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | 12,506.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 1,406.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 1,316.00 |
| Total Number of Sheets of ALL Schedules | | 15 | | | |
| | Total Assets | | 8,550.00 | | |
| | | Total Liabilities | | 12,506.00 | |

In re **Lamont Dill**_____,   Case No. _____

_____Debtor_____

# SCHEDULE A. REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. (See Schedule D.) If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |

| | | |
|---|---|---|
| Sub-Total > | **0.00** | (Total of this page) |
| Total > | **0.00** | |

__0__ continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

In re     **Lamont Dill**                                                                    ,        Case No. _____
                                    Debtor

# SCHEDULE B. PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | X | | | |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking/Savings Account TCF Bank** | - | 0.00 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | | **T.V., Furniture** | - | 900.00 |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | | **Normal Apparel** | - | 300.00 |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |

Sub-Total >          **1,200.00**
(Total of this page)

__2__    continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

In re    **Lamont Dill**                                          ,        Case No. _____
                              Debtor

# SCHEDULE B. PERSONAL PROPERTY
## (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | | **ERISA Qualified 401(k)** | - | 2,300.00 |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | X | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Sub-Total >        2,300.00
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re   **Lamont Dill** _____,   Case No. _____

                                        Debtor

# SCHEDULE B. PERSONAL PROPERTY
## (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Market Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1999 Buick Regal Nuvell Leased Car** | **-** | **5,000.00** |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | | **Cat** | **-** | **50.00** |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. | X | | | |

|  |  |
|---|---|
| Sub-Total > | **5,050.00** |
| (Total of this page) | |
| Total > | **8,550.00** |

Sheet __2__ of __2__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

In re   **Lamont Dill**_____,   Case No. _____

                                                          Debtor

# SCHEDULE C. PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under:
*[Check one box]*

☐ 11 U.S.C. §522(b)(1):   Exemptions provided in 11 U.S.C. §522(d). Note: These exemptions are available only in certain states.

☑ 11 U.S.C. §522(b)(2):   Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking/Savings Account** | **735 ILCS 5/12-1001(b)** | **0.00** | **0.00** |
| **TCF Bank** | | | |
| **Household Goods and Furnishings** | | | |
| **T.V., Furniture** | **735 ILCS 5/12-1001(b)** | **900.00** | **900.00** |
| **Wearing Apparel** | | | |
| **Normal Apparel** | **735 ILCS 5/12-1001(a)** | **300.00** | **300.00** |
| **Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans** | | | |
| **ERISA Qualified** | **735 ILCS 5/12-1006** | **2,300.00** | **2,300.00** |
| **401(k)** | | | |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **1999 Buick Regal** | **735 ILCS 5/12-1001(c)** | **1,200.00** | **5,000.00** |
| **Nuvell** | | | |
| **Leased Car** | | | |
| **Animals** | | | |
| **Cat** | **735 ILCS 5/12-1001(b)** | **50.00** | **50.00** |

___0___  continuation sheets attached to Schedule of Property Claimed as Exempt

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Form B6D
(12/03)

In re    **Lamont Dill**                                                                    ,    Case No. _____
Debtor

# SCHEDULE D. CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

■   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W J | C | | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |
| Account No. | | | | | | | | | |
| | | | | Value $ | | | | | |

**0**   continuation sheets attached

| | Subtotal (Total of this page) | |
|---|---|---|
| | Total (Report on Summary of Schedules) | **0.00** |

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Form B6E
(04/04)

In re   **Lamont Dill**                                                              ,   Case No. _____
                                                    Debtor

# SCHEDULE E. CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether husband, wife, both of them or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotal" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Repeat this total also on the Summary of Schedules.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,925* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, which ever occurred first, to the extent provided in 11 U.S.C. § 507 (a)(3).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐ **Deposits by individuals**

Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(6).

☐ **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

*Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

                                    **0**    continuation sheets attached

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Form B6F
(12/03)

In re   **Lamont Dill**                                                    ,      Case No. _____
                                              Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community maybe liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. | | - | | Collections | | | | |
| **Advanced Hair Solutions c/o Universal Account Servicing PO Box 147 Saint Joseph, MO 64502** | | | | | | | | **2,930.00** |
| Account No. 1753-001954 | | - | | Collections | | | | |
| **Allstate Check Cashing c/o Kenneth G. Frizzell, III PO Box 28039 Las Vegas, NV 89126** | | | | | | | | **436.00** |
| Account No. 4106-3700-0065-8494 | | - | | Purchases | | | | |
| **Aspire Visa PO Box 23007 Columbus, GA 31902-3007** | | | | | | | | **1,348.00** |
| Account No. 8609976025 | | - | | Collections | | | | |
| **BMG Music Service c/o Penn Credit Corporation PO Box 988 Harrisburg, PA 17108-0988** | | | | | | | | **404.00** |

___3___   continuation sheets attached

Subtotal   **5,118.00**
(Total of this page)

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                       S/N:11002-050630   Best Case Bankruptcy

Form B6F - Cont.
(12/03)

In re **Lamont Dill**
                                                                    ,        Case No. _____
                        Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **3652**<br><br>**Cash America**<br>**1600 W. 7th Street**<br>**Fort Worth, TX 76102** | - | | Loan | | | | 374.00 |
| Account No. **277929063**<br><br>**Cingular Wireless**<br>**c/o Financial Asset Management Sys**<br>**PO Box 926050**<br>**Norcross, GA 30010-6050** | - | | Collections | | | | 1,574.00 |
| Account No.<br><br>**Columbia House**<br>**Terre Haute, IN 47811** | - | | Purchases | | | | 148.00 |
| Account No.<br><br>**Comcast**<br>**c/o Creditprot**<br>**13355 Noel Rd., 21st Floor**<br>**Dallas, TX 75380** | - | | Collections | | | | 377.00 |
| Account No. **ASPIRE VI-8511877188**<br><br>**Midland**<br>**5575 Roscoe Court**<br>**San Diego, CA 91823** | - | | Collections | | | | 1,357.00 |

Sheet no. __1__ of __3__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

3,830.00

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

Form B6F - Cont.
(12/03)

In re  **Lamont Dill**                                                                    ,        Case No. _____

Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. **826633-365384**  <br><br> **Network Telephone Services c/o Business Office Systems & Solut 511 W. Ohio, Suite 401 Midland, TX 79701** | | - | | **Collections** | | | | **82.00** |
| Account No.  <br><br> **Nuvell 17500 Chenal Parkway, Suite 200 Little Rock, AR 72223** | X | - | | **Leased Auto 1999 Buick Regal NOTICE ONLY** | | | | **0.00** |
| Account No. **346373035**  <br><br> **One Iron Ventures, Inc dba Instant Cash Advance 4714 W. Lincoln Hwy Matteson, IL 60443** | | - | | **Garnishment** | | | | **560.00** |
| Account No. **8354642**  <br><br> **Our Lady of the Resurrection c/o ICS PO Box 646 Oak Lawn, IL 60454-0646** | | - | | **Collections** | | | | **75.00** |
| Account No. **1 5000 3617 5377**  <br><br> **Peoples Gas c/o Harris & Harris, LTD 600 W. Jackson Blvd., Suite 400 Chicago, IL 60661** | | - | | **Utilities** | | | | **705.00** |

Sheet no. __**2**__ of __**3**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**1,422.00**

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                Best Case Bankruptcy

Form B6F - Cont.
(12/03)

In re   **Lamont Dill**                                                    ,        Case No. _____
                          Debtor

# SCHEDULE F. CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
## (Continuation Sheet)

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. **D100AME6093875088** <br><br> **SBC Illinois** <br> **c/o Debt Cred** <br> **2493 Romig Rd.** <br> **Akron, OH 44320** | - | | | | Collections | | | | **238.00** |
| Account No. **8123807-7736220061727** <br><br> **SBC Midwest** <br> **c/o Southwest Credit Systems** <br> **5910 W. Plano Pkwy., Suite 100** <br> **Plano, TX 75093-4638** | - | | | | Collections | | | | **238.00** |
| Account No. **5419308** <br><br> **Westlake Hospital** <br> **c/o ICS** <br> **PO Box 646** <br> **Oak Lawn, IL 60454** | - | | | | Collections | | | | **452.00** |
| Account No. **000787724** <br><br> **Worldwide Asset Purchasing** <br> **c/o Leading Edge Recovery Solutions** <br> **PO Box 5817** <br> **Troy, MI 48007** | - | | | | Collections | | | | **1,208.00** |
| Account No. | | | | | | | | | |

Sheet no. __3___ of __3___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal (Total of this page) | **2,136.00** |
| Total (Report on Summary of Schedules) | **12,506.00** |

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                    Best Case Bankruptcy

In re   **Lamont Dill**
_____,   Case No. _____
                                    Debtor

# SCHEDULE G. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests.
State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease.
Provide the names and complete mailing addresses of all other parties to each lease or contract described.

NOTE:   A party listed on this schedule will not receive notice of the filing of this case unless the party is also scheduled in the appropriate
schedule of creditors.

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Nuvell**<br>**17500 Chenal Parkway, Suite 200**<br>**Little Rock, AR 72223** | **Leased Auto**<br>**1999 Buick Regal** |

  **0**   continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

In re    **Lamont Dill** _____,    Case No. _____
                              Debtor

# SCHEDULE H. CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. In community property states, a married debtor not filing a joint case should report the name and address of the nondebtor spouse on this schedule. Include all names used by the nondebtor spouse during the six years immediately preceding the commencement of this case.

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Nathaniel Jeffers**<br>**1617 S. Knight**<br>**Maywood, IL** | **Nuvell**<br>**17500 Chenal Parkway, Suite 200**<br>**Little Rock, AR 72223**<br> **1999 Buick Regal** |

___**0**___  continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2005 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                                                                                            Best Case Bankruptcy

Form B6I
(12/03)

In re  **Lamont Dill**                                                                Case No. _____
                          Debtor(s)

# SCHEDULE I. CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Single** | RELATIONSHIP<br>**None.** | AGE |

| EMPLOYMENT | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Unloader** | |
| Name of Employer | **United Parcel Service** | |
| How long employed | **11 Years** | |
| Address of Employer | **1400 S. Jefferson St.**<br>**Chicago, IL 60607** | |

| INCOME:  (Estimate of average monthly income) | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly) | $ | **1,070.00** | $ | **N/A** |
| Estimated monthly overtime | $ | **0.00** | $ | **N/A** |
| SUBTOTAL | $ | **1,070.00** | $ | **N/A** |
| LESS PAYROLL DEDUCTIONS | | | | |
| a.  Payroll taxes and social security | $ | **191.00** | $ | **N/A** |
| b.  Insurance | $ | **0.00** | $ | **N/A** |
| c.  Union dues | $ | **0.00** | $ | **N/A** |
| d.  Other (Specify)  **401(k)** | $ | **23.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **214.00** | $ | **N/A** |
| TOTAL NET MONTHLY TAKE HOME PAY | $ | **856.00** | $ | **N/A** |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ | **0.00** | $ | **N/A** |
| Income from real property | $ | **0.00** | $ | **N/A** |
| Interest and dividends | $ | **0.00** | $ | **N/A** |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | **0.00** | $ | **N/A** |
| Social security or other government assistance<br>(Specify) | $ | **0.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| Pension or retirement income | $ | **0.00** | $ | **N/A** |
| Other monthly income<br>(Specify)  **Part-Time Job** | $ | **550.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| TOTAL MONTHLY INCOME | $ | **1,406.00** | $ | **N/A** |

TOTAL COMBINED MONTHLY INCOME       $ _____ **1,406.00**       (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

In re  **Lamont Dill**                                                                 Case No. _____

_____
Debtor(s)

# SCHEDULE J. CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family.  Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 350.00 |
| Are real estate taxes included?   Yes ____   No __X__ | | |
| Is property insurance included?   Yes ____   No __X__ | | |
| Utilities:   Electricity and heating fuel | $ | 83.00 |
|      Water and sewer | $ | 0.00 |
|      Telephone | $ | 65.00 |
|      Other   **Cable T.V.** | $ | 85.00 |
| Home maintenance (repairs and upkeep) | $ | 0.00 |
| Food | $ | 200.00 |
| Clothing | $ | 0.00 |
| Laundry and dry cleaning | $ | 0.00 |
| Medical and dental expenses | $ | 0.00 |
| Transportation (not including car payments) | $ | 160.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| Charitable contributions | $ | 0.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
|      Homeowner's or renter's | $ | 0.00 |
|      Life | $ | 0.00 |
|      Health | $ | 0.00 |
|      Auto | $ | 95.00 |
|      Other | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | |
|      (Specify) | $ | 0.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan.) | | |
|      Auto | $ | 0.00 |
|      Other   **Leased Auto** | $ | 278.00 |
|      Other | $ | 0.00 |
|      Other | $ | 0.00 |
| Alimony, maintenance, and support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| Other | $ | 0.00 |
| Other | $ | 0.00 |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ | 1,316.00 |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | | |
|---|---|---:|
| A.   Total projected monthly income | $ | 1,406.00 |
| B.   Total projected monthly expenses | $ | 1,316.00 |
| C.   Excess income (A minus B) | $ | 90.00 |
| D.   Total amount to be paid into plan each    **Monthly** | $ | 90.00 |
|                     (interval) | | |

# United States Bankruptcy Court
## Northern District of Illinois

In re **Lamont Dill**                                                    Case No.
_____                    Chapter    **13**
                                        Debtor(s)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **16** sheets *[total shown on summary page plus 1]*, and that they are true and correct to the best of my knowledge, information, and belief.

Date **October 12, 2005**                    Signature    **/s/ Lamont Dill**
                                                            **Lamont Dill**
                                                            Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Form 7
(12/03)

# United States Bankruptcy Court
### Northern District of Illinois

In re    **Lamont Dill**

_____    Case No.
                                    Debtor(s)         Chapter    **13**    _____

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

_____

**1. Income from employment or operation of business**

None    State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's
☐       business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the
        **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a
        fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a
        joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income
        of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|     | AMOUNT         | SOURCE (if more than one) |
|-----|----------------|---------------------------|
|     | **$11,270.00** | **2005**                  |
|     | **$13,500.00** | **2004**                  |
|     | **$13,000.00** | **2003**                  |

**2. Income other than from employment or operation of business**

None    State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business
■       during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for
        each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint
        petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT            SOURCE

2

### 3. Payments to creditors

None

■ a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None

■ b. List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4.  Suits and administrative proceedings, executions, garnishments and attachments

None

■ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None

☐ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **One Iron Ventures, Inc<br>dba Instant Cash Advance<br>4714 W. Lincoln Hwy<br>Matteson, IL 60443** | | **Garnishment** |

### 5.  Repossessions, foreclosures and returns

None

■ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 6.  Assignments and receiverships

None

■ a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None ■   List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ■   List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None ■   List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**10. Other transfers**

None ■   List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

**11. Closed financial accounts**

None ■   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

4

**12. Safe deposit boxes**

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None
■

If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

5

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

### 18 . Nature, location and name of business

None
■

a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NO. (EIN) | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
| --- | --- | --- | --- | --- |

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
| --- | --- |

6

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **October 12, 2005**                              Signature    **/s/ Lamont Dill**

                                                                     **Lamont Dill**
                                                                     Debtor

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Lamont Dill**

Debtor(s)

Case No.

Chapter   **13**

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1.   Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept | $   **2,700.00** |
| Prior to the filing of this statement I have received | $   **0.00** |
| Balance Due | $   **2,700.00** |

2.   The source of the compensation paid to me was:

    ■   Debtor     ☐   Other (specify):

3.   The source of compensation to be paid to me is:

    ■   Debtor     ☐   Other (specify):

4.   ■   I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐   I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
    a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d. [Other provisions as needed]
        **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

6.   By agreement with the debtor(s), the above-disclosed fee does not include the following service:
    **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

## CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:   **October 12, 2005**

**/s/ David M. Siegel**
**David M. Siegel**
**David M. Siegel & Associates**
**790 Chaddick Drive**
**Wheeling, IL 60090**
**(847) 520-8100**

02/03/04 rev.

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

## RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
## CHAPTER 13 DEBTORS AND THEIR ATTORNEYS
### (Model Retention Agreement)

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure—but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to expect certain services to be performed by their attorneys, but again, debtors have responsibilities to their attorneys also. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved the following agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys. By signing this agreement, debtors and their attorneys accept these responsibilities.

## *BEFORE THE CASE IS FILED*

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

### *AFTER THE CASE IS FILED*

#### THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor will also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

#### THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

Software Copyright (c) 1996-2004 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary amended statements and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case before the bankruptcy court.

Software Copyright (c) 1996-2004 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES *[Check one option.]*

☐  Option A: flat fee through confirmation

■  Option B: flat fee through case closing

1a. *Pre-confirmation services.* Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case, unless otherwise ordered by the court. For all of the services outlined above, required to be provided before confirmation of a plan, the attorney will be paid a fee of $ __N/A__. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for pre-confirmation services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

1b. *Post-confirmation services.* Compensation for services required after confirmation will be in such amounts as are allowed by the court, on application accompanied by an itemization of the services rendered, showing the date, time, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified that the debtor may appear in court to object.

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a fee of $ __2,700.00__. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

2. *Early termination of the case.* Fees payable under the provisions set out above are not refundable in the event that the case is dismissed before confirmation (Option A) or completion of plan payments (Option B), unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If a dismissal is due to such a failure by the attorney, the court may order a refund of fees on motion by the debtor.

3. *Retainers.* The attorney may receive a retainer or other payment before filing the case, but may not receive fees directly from the debtor after the filing of the case. In any application for fees, whether or not requiring an itemization, the attorney shall disclose to the court any fees paid by the debtor prior to the case filing.

Software Copyright (c) 1996-2004 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

4. *Improper conduct by the attorney*. If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

5. *Improper conduct by the debtor*. If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise not engaging in proper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

6. *Discharge of the attorney*. The debtor may discharge the attorney at any time.


Date:
___**October 12, 2005**___


**Total fee to be paid for attorney's
services: $** ___**2,700.00**___
**(Do not sign if this line is blank.)**

Signed:

| | |
|---|---|
| **/s/ Lamont Dill** | **/s/ David M. Siegel** |
| **Lamont Dill** | **David M. Siegel** |
| | Attorney for Debtor(s) |

Debtor(s)

Software Copyright (c) 1996-2004 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Lamont Dill**

_____
Debtor(s)

Case No.   _____

Chapter   **13**   _____

# VERIFICATION OF CREDITOR MATRIX

The above-named Debtor hereby verifies that the attached list of creditors is true and correct to the best of his/her knowledge.

Date:   **October 12, 2005**
_____

**/s/ Lamont Dill**
_____
**Lamont Dill**
Signature of Debtor

Advanced Hair Solutions
c/o Universal Account Servicing
PO Box 147
Saint Joseph, MO 64502


Allstate Check Cashing
c/o Kenneth G. Frizzell, III
PO Box 28039
Las Vegas, NV 89126


Aspire Visa
PO Box 23007
Columbus, GA 31902-3007


Aspire Visa
c/o Midland Credit Management
PO Box 939019
San Diego, CA 92193


BMG Music Service
c/o Penn Credit Corporation
PO Box 988
Harrisburg, PA 17108-0988


Cash America
1600 W. 7th Street
Fort Worth, TX 76102


Cingular Wireless
c/o Financial Asset Management Sys
PO Box 926050
Norcross, GA 30010-6050


Columbia House
Terre Haute, IN 47811


Comcast
c/o Creditprot
13355 Noel Rd., 21st Floor
Dallas, TX 75380


Midland
5575 Roscoe Court
San Diego, CA 91823

Network Telephone Services
c/o Business Office Systems & Solut
511 W. Ohio, Suite 401
Midland, TX 79701


Nuvell
17500 Chenal Parkway, Suite 200
Little Rock, AR 72223


One Iron Ventures
dba Instant Cash Advance
6421 W. North
Oak Park, IL 60302


One Iron Ventures, Inc
dba Instant Cash Advance
4714 W. Lincoln Hwy
Matteson, IL 60443


Our Lady of the Resurrection
c/o ICS
PO Box 646
Oak Lawn, IL 60454-0646


Peoples Gas
c/o Harris & Harris, LTD
600 W. Jackson Blvd., Suite 400
Chicago, IL 60661


Peoples Gas
Attn: Special Projects/ Bk. Dept.
130 E. Randolph
Chicago, IL 60601


SBC Illinois
c/o Debt Cred
2493 Romig Rd.
Akron, OH 44320


SBC Midwest
c/o Southwest Credit Systems
5910 W. Plano Pkwy., Suite 100
Plano, TX 75093-4638

Westlake Hospital
c/o ICS
PO Box 646
Oak Lawn, IL 60454


Worldwide Asset Purchasing
c/o Leading Edge Recovery Solutions
PO Box 5817
Troy, MI 48007

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## NOTICE TO INDIVIDUAL CONSUMER DEBTOR

The purpose of this notice is to acquaint you with the four chapters of the federal Bankruptcy Code under which you may file a bankruptcy petition. The bankruptcy law is complicated and not easily described. Therefore, you should seek the advice of an attorney to learn of your rights and responsibilities under the law should you decide to file a petition with the court. Court employees are prohibited from giving you legal advice.

## Chapter 7:  Liquidation ($155 filing fee plus $39 administrative fee plus $15 trustee surcharge)

1. Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts.

2. Under chapter 7 a trustee takes possession of all your property. You may claim certain of your property as exempt under governing law. The trustee then liquidates the property and uses the proceeds to pay your creditors according to priorities of the Bankruptcy Code.

3. The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, your discharge may be denied by the court, and the purpose for which you filed the bankruptcy petition will be defeated.

4. Even if you receive a discharge, there are some debts that are not discharged under the law. Therefore, you may still be responsible for such debts as certain taxes and student loans, alimony and support payments, criminal restitution, and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs.

5. Under certain circumstances you may keep property that you have purchased subject to valid security interest. Your attorney can explain the options that are available to you.

## Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($155 filing fee plus $39 administrative fee)

1. Chapter 13 is designed for individuals with regular income who are temporarily unable to pay their debts but would like to pay them in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13 you must file a plan with the court to repay your creditors all or part of the money that you owe them, using your future earnings. Usually, the period allowed by the court to repay your debts is three years, but no more than five years. Your plan must be approved by the court before it can take effect.

3. Under chapter 13, unlike chapter 7, you may keep all your property, both exempt and non-exempt, as long as you continue to make payments under the plan.

4. After completion of payments under your plan, your debts are discharged except alimony and support payments, student loans, certain debts including criminal fines and restitution and debts for death or personal injury caused by driving while intoxicated from alcohol or drugs, and long term secured obligations.

## Chapter 11:  Reorganization ($800 filing fee plus $39 administrative fee)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a Chapter 11 petition should be reviewed with an attorney.

## Chapter 12:  Family Farmer ($200 filing fee plus $39 administrative fee)

Chapter 12 is designed to permit family farmers to repay their debts over a period of time from future earnings and is in many ways similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm.

I, the debtor, affirm that I have read this notice.

| | | |
|---|---|---|
| **/s/ Lamont Dill** | **October 12, 2005** | |
| Debtor's Signature | Date | Case Number |

Software Copyright (c) 1996-2003 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

# STATEMENT OF INFORMATION REQUIRED BY 11 U.S.C. §341

## INTRODUCTION

Pursuant to the Bankruptcy Reform Act of 1994, the Office of the United States Trustee, United States Department of Justice, has prepared this information sheet to help you understand some of the possible consequences of filing a bankruptcy petition under chapter 7 of the Bankruptcy Code. This information is intended to make you aware of...

(1)       the potential consequences of seeking a discharge in bankruptcy, including the effects on credit history;
(2)       the effect of receiving a discharge of debts
(3)       the effect of reaffirming a debt; and
(4)       your ability to file a petition under a different chapter of the Bankruptcy Code.

There are many other provisions of the Bankruptcy Code that may affect your situation. This information sheet contains only general principles of law and is not a substitute for legal advice. If you have questions or need further information as to how the bankruptcy laws apply to your specific case, you should consult with your lawyer.

## WHAT IS A DISCHARGE?

The filing of a chapter 7 petition is designed to result in a discharge of most of the debts you listed on your bankruptcy schedules. A discharge is a court order that says you do not have to repay your debts, but there are a number of exceptions. Debts which may not be discharged in your chapter 7 case include, for example, most taxes, child support, alimony, and student loans; court-ordered fines and restitution; debts obtained through fraud or deception; and personal injury debts caused by driving while intoxicated or taking drugs. Your discharge may be denied entirely if you, for example, destroy or conceal property; destroy, conceal or falsify records; or make a false oath. Creditors cannot ask you to pay any debts which have been discharged. You can only receive a chapter 7 discharge once every six (6) years.

## WHAT ARE THE POTENTIAL EFFECTS OF A DISCHARGE?

The fact that you filed bankruptcy can appear on your credit report for as long as 10 years. Thus, filing a bankruptcy petition may affect your ability to obtain credit in the future. Also, you may not be excused from repaying any debts that were not listed on your bankruptcy schedules or that you incurred after you filed for bankruptcy.

## WHAT ARE THE EFFECTS OF REAFFIRMING A DEBT?

After you file your petition, a creditor may ask you to reaffirm a certain debt or you may seek to do so on your own. Reaffirming a debt means that you sign and file with the court a legally enforceable document, which states that you promise to repay all or a portion of the debt that may otherwise have been discharged in your bankruptcy case. Reaffirmation agreements must generally be filed with the court within 60 days after the first meeting of the creditors.

Reaffirmation agreements are strictly voluntary — they are not required by the Bankruptcy Code or other state or federal law. You can voluntarily repay any debt instead of signing a reaffirmation agreement, but there may be valid reasons for wanting to reaffirm a particular debt.

Reaffirmation agreements must not impose an undue burden on you or your dependents and must be in your best interest. If you decide to sign a reaffirmation agreement, you may cancel it at any time before the court issues your discharge order or within sixty (60) days after the reaffirmation agreement was filed with the court, whichever is later. If you reaffirm a debt and fail to make the payments required in the reaffirmation agreement, the creditor can take action against you to recover any property that was given as security for the loan and you may remain personally liable for any remaining debt.

## OTHER BANKRUPTCY OPTIONS

You have a choice in deciding what chapter of the Bankruptcy Code will best suit your needs. Even if you have already filed for relief under chapter 7, you may be eligible to convert your case to a different chapter.

Chapter 7 is the liquidation chapter of the Bankruptcy Code. Under chapter 7, a trustee is appointed to collect and sell, if economically feasible, all property you own that is not exempt from these actions.

Chapter 11 is the reorganization chapter most commonly used by businesses, but it is also available to individuals. Creditors vote on whether to accept or reject a plan, which also must be approved by the court. While the debtor normally remains in control of the assets, the court can order the appointment of a trustee to take possession and control of the business.

Chapter 12 offers bankruptcy relief to those who qualify as family farmers. Family farmers must propose a plan to repay their creditors over a three-to-five year period and it must be approved by the court. Plan payments are made through a chapter 12 trustee, who also monitors the debtor's farming operations during the pendency of the plan.

Finally, chapter 13 generally permits individuals to keep their property by repaying creditors out of their future income. Each chapter 13 debtor writes a plan which must be approved by the bankruptcy court. The debtor must pay the chapter 13 trustee the amounts set forth in their plan. Debtors receive a discharge after they complete their chapter 13 repayment plan. Chapter 13 is only available to individuals with regular income whose debts do not exceed $1,000,000 ($250,000 in unsecured debts and $750,000 in secured debts).

## AGAIN, PLEASE SPEAK TO YOUR LAWYER IF YOU NEED FURTHER INFORMATION OR EXPLANATION, INCLUDING HOW THE BANKRUPTCY LAWS RELATE TO YOUR SPECIFIC CASE.

| /s/ Lamont Dill | October 12, 2005 |
|---|---|
| Debtor's Signature | Date |